RALPH TOLOMEO, ACTING BURLINGTON COUNTY PROSECU-
TOR, PLAINTIFF, v. BURLINGTON COUNTY BOARD OF
CHOSEN FREEHOLDERS, DEFENDANT.

Superior Court of New Jersey
Law Division Burlington County

Decided February 1, 1982.

*Arnold M. Mellk* for plaintiff Ralph Tolomeo (*Katzenbach, Gildea & Rudner,* attorneys).

*John A. Sweeney* for intervenor Council No. 16, N. J. Civil Service Association (*Dietz Allen & Sweeney,* attorneys).

*Martin E. Perrotta* for defendant Burlington County Board of Chosen Freeholders (*John E. Dimon,* attorney).

HAINES, A. J. S. C.

On November 9, 1981 the Burlington County assignment judge, under *N.J.S.A.* 2A:158–7,[1] ordered the county to pay salary increases to personnel of the prosecutor's office. The county has appealed that decision. No stay of the order has been sought and it has not been obeyed. The prosecutor, through an action in lieu of prerogative writs, now seeks to enforce the order. Council #16, which represents the prosecutor's employees, also seeks enforcement and has been allowed to intervene in the proceedings as a party plaintiff. Plaintiffs move for summary judgment, an appropriate procedure here since there are no factual disputes. The county opposes the motion, although it offers no defense—only the representation that it is making immediate application to the Appellate Division for a stay of the assignment judge's order. Plaintiffs show a real need for the enforcement of that order.

The assignment judge's direction to the county, while final under the statute, was the order of a legislative agent and not the judgment of a court of record. Therefore, our rules for the enforcement of judgments do not apply. The statute itself provides no enforcement machinery. Consequently, the independent action in lieu of prerogative writs brought here is appropriate. It does not constitute an appeal from the decision of the legislative agent, required[2] under R.2:2–3 to be taken to

---

[1]All necessary expenses incurred by the prosecutor for each county in the detection, arrest, indictment and conviction of offenders against the laws shall, upon being certified to by the prosecutor and approved, under his hand, by a judge of the superior court or of the county court for such county, be paid by the county treasurer whenever the same shall be approved by the board of chosen freeholders of such county. The amount or amounts to be expended shall not exceed the amount fixed by the board of chosen freeholders in its regular or emergency appropriation, unless such expenditure is specifically authorized by order of the assignment judge of the superior court for such county.

[2]On the assumption that the decision, in the language of the rule, is that of a "state administrative agency or officer."

the Appellate Division. It merely seeks to have the decision carried out. That relief is available, since no application for a stay has been made by the county.

The county offers no defense to this action and, in fact, none is available. The requested relief must therefore be granted.

However, this conclusion cannot be reached without addressing reality. The validity of the assignment judge's decision has been questioned by an appeal: it is subject to reversal or modification by the Appellate Division. Issuance of an enforcement order here has the clear potential for conflict with the action ultimately taken there. The county expects to make an immediate application to the Division for a stay. An enforcement order here, followed promptly by a stay there, if one is granted, is an entanglement to be avoided. Deference should therefore be accorded to the Appellate Division; it should decide the question of staying the assignment judge's order before I take further action. For these reasons, I am staying the enforcement order allowed in this action until February 2, 1982, prior to which date the county may make its proposed application to the Appellate Division for a stay. If that application is not made, the enforcement order may be pursued. If the application is made, my stay will continue until the Appellate Division acts on the county's request. If that request is granted, this action will be stayed until the appellate process has been completed; if that request is denied, my order may be carried out.

The reasonable cost of the services of the prosecutor's counsel in connection with this application is a proper expense of the prosecutor's office and shall be paid by the county.