## KIMBALL v. WEST.

1. When a contract for sale of lands is fully executed by a conveyance with a covenant of warranty, and the payment of the purchase-money, the remedy for a defect of title is by an action on the covenant.
2. A party declining to pursue that remedy, and applying to a court of equity to rescind the entire contract, must show very clearly that such a rescission is necessary to the ends of justice.
3. If, therefore, on or before the final hearing, the vendor makes and tenders a perfect title, no rescission will be decreed unless the vendee has suffered great loss or injury by the delay, and not then if such loss or injury can be fairly compensated by damages.

APPEAL from the Circuit Court for the District of Missouri.

Kimball and Trask brought their bill in chancery against West, to rescind a contract for the sale of land of which they were purchasers from him. The contract was an executed one, West having conveyed the land—about four hundred acres in quantity—to the complainants' agent, who had

conveyed to them, and the purchase-money ($22,000) having been paid. The deed of West, the defendant, contained a clause of general warranty.

The allegation mainly relied on by the bill to set aside the contract was that the defendant represented to the agent of the complainants, that the title to the land was good; that there was no incumbrance on it, nor adverse claim to it; when in truth and in fact an action of ejectment was then pending for one hundred and eighty-four acres of it against the defendant, in which judgment was afterwards rendered against him; that the land so recovered in the suit against the defendant was the most valuable part of the tract, and without which the complainants would not have made the purchase; and that the defendant fraudulently concealed the existence of this suit, and represented the title to the whole to be perfect. On the question of concealment and fraudulent representation testimony was taken on both sides, which did not leave the matter free from doubt. This part of the matter, however, was unimportant in the view which this court took of the case.

It appeared from the record that before the cause in the court below came to a final hearing, the defendant purchased the outstanding and conflicting title to the one hundred and eighty-four acres, and tendered to the complainants such conveyances as made their title perfect. The court, therefore, dismissed the bill, but decided that the defendant should pay the costs of the suit.

From this decree of dismissal the complainants appealed.

*Mr. R. T. Merrick, for the appellants:*

There was confessedly misrepresentation by the vendor as to five-twelfths of the whole tract. On the ground of mere defect in quantity the purchasers have a right to be relieved of their purchase; or rather their no purchase. Can the vendor by coming in *now*, at the twelfth hour, and offering a good title, destroy this right? The purchasers may have bought for a special purpose. Presumably they did so. Suppose they bought for immediate resale on a high but

falling market, obviously they are not made whole by the tender of a good title now. Their opportunity of sale is gone, and their lost time and pains is their profit. An entire rescission of the contract should have been decreed, or at least compensation for the portion included in the ejectment suit.

*Mr. J. O. Broadhead, contra.*

Mr. Justice MILLER delivered the opinion of the court.

We are of opinion that the decree of the court below was clearly right. The plaintiffs had paid their money and accepted of the defendant his deed with a clause warranting the title. For any defect in that title the law gave them a remedy by an action on the covenant. But when, declining to pursue that remedy, they apply to a court of equity to rescind the whole contract, thereby compelling the defendant to repay the sum of $22,000, and receive back the title which he had conveyed to the plaintiffs, the necessity of such a decree to obtain the ends of justice must be very clear before it will be given. When, therefore, it appears that at the time of the hearing the defendant is able to remedy the supposed defect in his title, and in point of fact secures and makes good to the complainants, at his own cost, all that he conveyed to them originally, the complainants must show some loss, injury, or damage by the delay in perfecting the title before they can claim a rescission of the contract. And even if this could be shown, which is not attempted in this case, the court, as a general rule, would not be authorized to decree a rescission, if compensation could be made for the injury arising from the delay in making good the original defect in the title.*

DECREE AFFIRMED.

---

* Hepburn & Dundas *v.* Dunlop & Co., 1 Wheaton, 179; Buchannon *v.* Upshaw, 1 Howard, 56; Galloway *v.* Finley, 12 Peters, 264.