[S. F. No. 1884. Department Two.—December 7, 1901.]

## CATHERINE FENDER, Respondent, v. WILLIAM ROBINSON et al., Appellants.

FORECLOSURE OF MORTGAGE—RECEIPT OF PART PAYMENT—INTERPOLATION —CONFLICTING EVIDENCE—APPEAL.—In an action to foreclose a mortgage, where the defendant produced a receipt of payment in the sum of one thousand dollars, and the mortgagee insisted that but one hundred dollars had been paid, and that there was interpolation in the receipt, the verdict of a jury called upon to try the issue, and the finding of the court in accordance with the verdict, in favor of the mortgagee, upon conflicting evidence, will not be disturbed upon appeal.

ID.—AFFIRMANCE OF JUDGMENT—COUNSEL FEES UPON APPEAL NOT ALLOWED.—Notwithstanding the affirmance of the judgment of fore-

closure, upon appeal by the mortgagor, this court will not in the first instance allow counsel fees to the respondent mortgagee, none having been fixed, on account of the appeal, by the court below.

APPEAL from a judgment of the Superior Court of Del Norte County and from an order denying a new trial. F. A. Cutler, Judge.

The facts are stated in the opinion of the court.

Childs & Crawford, for Appellants.

L. F. Cooper, and Sawyer & Burnett, for Respondent.

HENSHAW, J.—In an action to foreclose a mortgage, defendants contended that, upon a certain date, there had been paid to the mortgagee the sum of one thousand dollars upon account of the mortgage. The mortgagee insisted that but one hundred dollars had been paid. A jury was called in to pass upon this special issue. It rendered its verdict in favor of the mortgagee's contention, that but one hundred dollars had been paid. The court adopted this verdict, and made its finding accordingly. The sole question presented upon this appeal is the sufficiency of the evidence to support the finding. Defendants, in maintenance of their contention, produced a receipt signed by plaintiff, acknowledging the payment of one thousand dollars. The one thousand dollars was expressed in numerals. Plaintiff insisted that she had received but one hundred dollars, and that the added cipher was a false interpolation. Other evidence bearing upon the question, pro and con, was admitted, and under this sharp conflict the decision of the jury and of the court was rendered. Under the well-settled rule, it cannot here be disturbed.

Respondent upon the appeal seeks an allowance of counsel fees from this court. In the case of mechanics' liens such counsel fees are allowed, under the express provision of the statute. In *Beckman* v. *Skaggs*, 61 Cal. 362, relied on by respondent, this court did not itself fix counsel fees, but appellant (mortgagee), having prevailed upon his appeal to this court, and having obtained by his appeal an increased judgment, and the lower court having allowed him counsel fees on account of the appeal so taken to this court, it was here held

that the allowance was proper—a very different thing from an allowance to be made here in the first instance, a thing which has never been done, and for the doing of which, even if permissible, we see no good reason.

The judgment and order appealed from are affirmed.

Temple, J., and McFarland, J., concurred.