## BANK OF HAWAII *v.* Y. H. CHAR, WM. H. CROZIER, JR., JOHN G. DUARTE AND T. S. SHINN.

### No. 4015.

ARGUED MAY 11, 1959.                                    DECIDED JUNE 16, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* Bank of Hawaii has filed a motion and a supplemental motion for determination and award to it of attorneys' fee of $5,500 for services rendered by its attorneys on the appeal reported on page 17 *ante* and on the rehearing of the appeal reported on page 129 *ante.* The requested amount is in addition to the attorneys' fee of $1,800 included in the judgment appealed from for the services of the bank's attorneys in the circuit court.

The motions are based on the provision of the promissory note which reads: "If this note is not paid when due and is placed in the hands of an attorney for collection, or if suit is brought hereon, the undersigned shall also pay, in either case, the costs of collection including a reasonable attorney's fee."

Appellants do not deny that the provision is binding on them; nor do they question the reasonableness of the fee. They resist the motions on the ground that this court has no authority to award the requested fee.

There is an annotation in 52 A.L.R. (2d) 863 on "Contractual provision for attorneys' fees as including allowance for services rendered upon appellate review." The great majority of the cases discussed in the annotation are concerned with the allowance or disallowance by the trial courts of attorneys' fees on appeal. They involve the exercise by the appellate courts of their unquestioned authority to review the judgments of the trial courts.

The issue here is not whether the circuit court may allow attorneys' fee on appeal under the contractual provision in question but whether this court may, on the appeal of a final judgment of the circuit court, modify the judgment by adding to it a reasonable sum as attorneys' fee on appeal or enter a separate order for such fee in accordance with such provision.

Our research indicates that the issue as to whether attorneys' fees on appeal under similar contractual provisions may be allowed in the first instance by appellate courts has been raised and decided in six jurisdictions, namely, California, Louisiana, Mississippi, Tennessee, Utah and Washington.

In California, the law is in a state of confusion. In *Fender* v. *Robinson,* 135 Cal. 26, 66 Pac. 969, a case in which the judgment of the trial court was affirmed as in the instant case, the Supreme Court denied appellee's application for attorney's fee on appeal, and stated: "Respondent upon the appeal seeks an allowance of counsel fees from this court. In the case of mechanics' liens such counsel fees are allowed, under the express provision of the statute. In *Beckman* v. *Skaggs,* 61 Cal. 362, relied on by respondent, this court did not itself fix counsel fees, but appellant, mortgagee, having prevailed upon his appeal to this court, and having obtained by his appeal an increased judgment, and the lower court having allowed him counsel fees on account of the appeal so taken to this court, it was here held that the allowance was a proper,— a very different thing from an allowance to be made here in the first instance; a thing which has never been done, and for the doing of which, even if permissible, we see no good reason." A contrary holding is found in *Hahn* v. *Hahn,* 123 Cal. App. (2d) 97, 266 P. (2d) 519, where the District Court of Appeal, Second District, awarded attorney's fee for services rendered in that court on the ground that "The purpose of a provision for attorney's fees

in a promissory note is to indemnify the creditor against the necessity of paying an attorney's fee, * * * and to enable him to recover the full amount of his debt without deduction for legal expenses." The District Court of Appeal, First District, followed *Hahn* v. *Hahn* in *Cirimele* v. *Shinazy,* 134 Cal. App. (2d) 50, 285 P. (2d) 311. Neither *Hahn* v. *Hahn* nor *Cirimele* v. *Shinazy* referred to *Fender* v. *Robinson,* and there is no decision of the State Supreme Court overruling the latter case.

The uniform holding in Louisiana is that appellate courts may award attorneys' fees on appeal. (*Du Bos* v. *Sanders,* 174 La. 27, 139 So. 651; *Samuelson* v. *Bosk,* 219 La. 477, 53 So. [2d] 239; *Oatis* v. *Delcuze,* 226 La. 751, 77 So. [2d] 28; *Blache* v. *Goodier,* 22 So. [2d] 82; *Kozlowski* v. *Fowler,* 71 So. [2d] 246; *Svendson* v. *American Indemnity Co. of Galveston,* 76 So. [2d] 737.) The reason given for such holding is that it is in consonance with the language of the contractual provisions.

The law in Mississippi is the same as in Louisiana, and for the same reason. (*Strider & Co.* v. *Western Casualty & Surety Co.,* 10 So. [2d] 350.)

In *Jenkins* v. *Harris,* 19 Tenn. App. 113, 83 S.W. (2d) 562, the Court of Appeals of Tennessee, Middle Section, held that it had no jurisdiction to award attorney's fee on appeal for the reason that a fee provided in a promissory note is a constituent part of the obligation, enforceable by or on behalf of the holder and is not a distinct obligation to be enforced as a separate cause of action.

The law in Utah, as stated in *Swain* v. *Salt Lake Real Estate and Investment Co.,* 3 Utah (2d) 121, 279 P. (2d) 709, is that the award of attorneys' fees by the Supreme Court is a matter within the discretion of that court.

In Washington, the Supreme Court refused to award attorneys' fees on appeal in *Franklin* v. *Fischer,* 34 Wash. (2d) 342, 208 P. (2d) 902, and *McMillan* v. *Great Northern Railway Co.,* 45 Wash. (2d) 802, 278 P. (2d) 316. The holding in *Franklin* v. *Fischer* is based on the precedents established in lien foreclosure cases involving applications for attorneys' fees under the statutory provision that "The court may allow * * * a reasonable attorney's fee in the superior and supreme courts." In such cases the Supreme

Court has consistently held that the allowance of such fees is "more properly within the jurisdiction of the trial court, to be allowed at the time of the trial." (*Lavanway* v. *Cannon,* 37 Wash. 593, 79 Pac. 1117; *Flint* v. *Bronson,* 197 Wash. 686, 86 P. [2d] 218; *Standard Lumber Co.* v. *Fields,* 29 Wash. [2d] 327, 187 P. [2d] 283.)

The decisions of the appellate courts of Texas in lien foreclosure cases are pertinent, although they involve statutory, and not contractual, provisions for attorneys' fees. In *Smith* v. *Texas Co.,* 53 S. W. (2d) 774, the Court of Civil Appeals had awarded attorney's fee on appeal to that court. The Commission of Appeals held that the court erred in making such award, and stated: "We sustain plaintiffs in error's contention that the Court of Civil Appeals was without authority to fix and award defendant in error what it considered a reasonable attorney's fee. When the recovery of such a fee is sought under a statute providing therefor, there is necessarily presented an issue of fact. * * * The Court of Civil Appeals is without authority to determine a material issue of fact and render judgment thereon when such issue has not been passed upon by the trial court. The appellate court is limited, in its review of a case on appeal, to a determination of questions affecting the correctness of the judgment rendered by the court below." In *Gross* v. *White,* 67 S.W. (2d) 895, the trial court had found that in the event an appeal was taken and the judgment affirmed $100 would be a reasonable fee for the attorney's service on appeal. Despite such finding, the Court of Civil Appeals held that it was not within the proper scope of its appellate jurisdiction to increase the judgment for attorney's fee, stating: "This court is not a trial court. In its review of this case it is limited to a determination of the questions affecting the correctness of the judgment actually rendered by the court below."

The cases in which appellate courts have awarded attorneys' fees on appeal contain no discussion of the jurisdiction of such courts to award the fees. In every case the existence of the jurisdiction was assumed, and the award was made in enforcement of the contract of the parties.

It is possible to construe the provision for attorneys' fee on which the instant motions are based as including attorneys' fee for

services rendered in this court. But the enforcement of such contractual provision involves an exercise of original jurisdiction. The jurisdiction of this court is appellate and we may not exercise original jurisdiction except in certain proceedings mentioned in R.L.H. 1955, § 214-4. The jurisdiction to award attorneys' fees under contractual provisions for the payment of such fees is not within the exceptions. Thus, we are without jurisdiction to award the requested fee.

Motions are denied.

*Richard E. Stifel* (*Anderson, Wrenn & Jenks*) for appellee, for the motion.

*Robert G. Dodge* (*Heen, Kai, Dodge & Lum*) for appellant T. S. Shinn, contra.