124

LINCOLN TOICHI KANESHIGE AND MICHIKO CLARE K. KANESHIGE *v.* NORMAN ROSEHILL, JR., PORTIA Y. ROSEHILL, ALVIN E. MEDEIROS, JR.

No. 4954.

JUNE 19, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* The plaintiffs recovered contractual damages, including a reasonable attorney's fee for the litigation at the circuit court level caused by the defendants' breach of a lease agreement. The defendants appealed from the judgment of the circuit court but failed to file an opening brief during the sixty day period as required in Rule 3(b) of the Rules of the Supreme Court. Consequently, the plaintiffs moved for dismissal of the appeal and, additionally, for reasonable attorney's fees incurred by the plaintiffs for the appellate preparation and proceeding. Since the defendants withdrew their appeal before oral argument, the only issue to be resolved is the motion for attorney's fees.

The plaintiffs advance two arguments to support their motion for the fees. First, they submit that the appeal was frivolous and, hence, the fees were recoverable under Rule 9(e) of the Rules of the Supreme Court of Hawaii. The record does not, however, support this claim and recovery on that basis will be denied.

Alternatively, they contend that the litigation fee provision of the lease is broad enough to cover fees attribu-

table to appellate process. On this question in *Bank of Hawaii* v. *Char*, 43 Haw 316, 319-20 (1959) we said:

"It is possible to construe the provision for attorneys' fee on which the instant motions are based as including attorneys' fee for services rendered in this court. But the enforcement of such contractural provision involves an exercise of original jurisdiction. The jurisdiction of this court is appellate and we may not exercise original jurisdiction except in certain proceedings mentioned in R.L.H. 1955, § 214-4. [HRS § 602-5] The jurisdiction to award attorneys' fees under contractual provisions for the payment of such fees is not within the exceptions. Thus, we are without jurisdiction to award the requested fee."

We deny the motion but the plaintiffs are given leave to apply to the circuit court for a determination whether the provision for attorney's fees covers fees generated by appellate proceedings and, if so, the amount of the recovery. Any such award shall be added by the circuit court to the principal judgment.

*Felix Maciszewski* (*Carlsmith, Carlsmith, Wichman & Case* of counsel) for plaintiffs-appellees, for the motion.

*Roger Y. Dewa* (*Rice & Lee* of counsel) for defendants-appellants, contra.