CIVIC REALTY, INC., a Hawaii corporation, and J. TAMASHIRO, INC., a Hawaii corporation, Plaintiffs, *v.* DEVELOPMENT, INC., a Hawaii corporation, R & F ENTERPRISES, LTD., a Hawaii corporation, JAMES MASAYOSHI HIGA, MERLE NOBUE HIGA, ELLA BROCKIE ACKERMAN, HAWAII ESCROW & TITLE, INC., a Hawaii corporation, and AMERICAN TITLE INSURANCE COMPANY OF MIAMI, FLORIDA, a Florida corporation, Defendants, and ELLA BROCKIE ACKERMAN, Defendant and Third-Party Plaintiff-Appellee, *v.* PATRICIA JEAN VALDEZ, Third-Party Defendant-Appellant, and VICTORIA WARD, LIMITED, a Hawaii corporation, SECURITY TITLE CORPORATION, a Hawaii corporation and GLORIA ALSTON ETHRIDGE, Third-Party Defendants

NO. 8005

(CIVIL NO. 52518)

MARCH 18, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order denying the award of attorney's fees to the third-party defendant/appellant against the defendant and third-party plaintiff/appellee. We affirm.

Appellee's amended complaint below claimed that, as a result of mutual mistake, she had conveyed a parcel of land not intended to be conveyed to appellant and that as a result of appellant's refusal to correct the mistake, appellee had been made a defendant in the instant action. Although the relief asked was indemnification, her suit essentially was equitable. The court denied indemnification, denied appellant's attorney's fees and awarded her costs in the amount of $163. Appellant urges that she should have been awarded attorney's fees because of the warranty clause in the deed and because the suit was one in the nature of assumpsit under § 607-14, HRS.

The third-party complaint, however, was basically an equitable action in the nature of reformation rather than an action in the nature of assumpsit, and accordingly, would not fall within the scope of § 607-14, HRS. *Smothers v. Renander,* 2 Haw. App. 400, 633 P.2d 556 (1981).

Appellant also claims that she should be awarded attorney's fees under the warranty clause in the deed. The deed in question employs the standard language:

> And the Grantor, in consideration of the premises, does, for herself and her heirs, executors and administrators, covenant and agree to and with said Grantee, as aforesaid, that she (the Grantor) is lawfully seized in fee simple of the real property described in said Exhibit "A" hereby conveyed and that the same is free and clear of and from all encumbrances, except as mentioned in Exhibit "A" and those made, suffered or permitted by Grantee; that the Grantor has good right to sell and convey said real property as aforesaid, and that the Grantor, and her heirs, executors and administrators shall WARRANT AND DEFEND the same unto the Grantee, as aforesaid, against the lawful claims and demands of all persons, except as aforesaid.

Had appellant's title been attacked by some third party, it is well-settled that she would be able, in an action for breach of covenant, to recover from appellee her attorney's fees incurred in defending her title. *Morris v. Petero,* 4 Haw. 23 (1877). Since the action to recover such fees would have been in the nature of assumpsit, statutory attorney's commissions in that action under § 607-14, HRS, would have been recoverable also. Appellant would not, however, have been able to recover attorney's fees incurred in the action against the

appellee for breach of covenant except as provided by § 607-14, HRS, since, as has been said:

> Nor can the covenantee recover an attorney's fee incurred in his action against the covenantor for the breach.

20 AM. JUR.2d, COVENANTS, CONDITIONS, ETC., § 152 (1965) at 711.

If we were to read the warranty clause in isolation from the rest of the paragraph in which it appears, it would seem literally to support appellant's position. However, viewed in the context of the paragraph as a whole, it is apparent that it is a warranty of seisin, freedom from encumbrances and of the grantor's right to sell and convey. None of those were attacked by appellee's suit and accordingly, we hold the warranty clause inapplicable.

Affirmed.

*Jack C. Morse* for appellant.

*Daral G. Conklin (Conklin, Schneider & Love* of counsel) for appellee.