NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000098**
**09-AUG-2021**
**07:46 AM**
**Dkt. 85 MO**

NO. CAAP-18-0000098

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR
DEUTSCHE ALT-A SECURITIES, INC., MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2005-5, Plaintiff-Appellant,
v.
ROBERT M. GILLESPIE, JR., Defendant-Appellee,
and
MERIDIAN FINANCIAL NETWORK, INC.;
STATE OF HAWAI'I – DEPARTMENT OF TAXATION;
UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY –
INTERNAL REVENUE SERVICE;
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC141000420)


**MEMORANDUM OPINION**
(By:  Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Plaintiff-Appellant HSBC **Bank** USA, National
Association, as Trustee for Deutsche Alt-A Securities, Inc.,
Mortgage Pass-through Certificates Series 2005-5, appeals from
the **"Order** Granting Defendant Robert M. Gillespie's [sic]
Application for Fees and Costs Filed November 1, 2017," and the
**"Amended Final Judgment** as to All Claims and All Parties," both
entered by the Circuit Court of the Second Circuit on January 25,
2018.[1]  For the reasons explained below, we reverse the Order and
vacate the Amended Final Judgment to the extent it awards

---

[1]     The Honorable Peter T. Cahill presided.

attorneys' fees, costs, and Hawaiʻi general excise tax to
Gillespie.

## I.

On July 15, 2014, Bank filed a **"Complaint** for
Declaratory Judgment" against Defendant-Appellee Robert M.
**Gillespie**, Jr. and others.[2]  The Complaint contained the
following allegations: Gillespie executed a promissory **Note** for
$1.3 million in favor of **Meridian Mortgage**, Inc.  The Note was
secured by a **Mortgage** on real property (the **Property**) owned by
Gillespie.  Meridian Mortgage merged with Meridian Financial
Network, Inc.  Bank is the "beneficial owner" and holder of the
Note and Mortgage, but no assignment of the Mortgage to Bank was
recorded in the Hawaiʻi Bureau of Conveyances.  Bank sought a
declaration, under Hawaii Revised Statutes (**HRS**) § 632-1,[3] that

_____

[2]  The other named defendants were Meridian Financial Network, Inc.,
State of Hawaiʻi Department of Taxation, and United States of America
Department of the Treasury — Internal Revenue Service.

[3]  HRS § 632-1 (1993) provides, in relevant part:

**§ 632-1  Jurisdiction; controversies subject to.**

(a)  In cases of actual controversy, courts of record,
within the scope of their respective jurisdictions, shall
have power to make binding adjudications of right, whether
or not consequential relief is, or at the time could be,
claimed, and no action or proceeding shall be open to
objection on the ground that a judgment or order merely
declaratory of right is prayed for[.]

(b)  Relief by declaratory judgment may be granted in civil
cases where an actual controversy exists between contending
parties, or where the court is satisfied that antagonistic
claims are present between the parties involved which
indicate imminent and inevitable litigation, or where in any
such case the court is satisfied that a party asserts a
legal relation, status, right, or privilege in which the
party has a concrete interest and that there is a challenge
or denial of the asserted relation, status, right, or
privilege by an adversary party who also has or asserts a
concrete interest therein, and the court is satisfied also
that a declaratory judgment will serve to terminate the
uncertainty or controversy giving rise to the proceeding.
Where, however, a statute provides a special form of remedy
for a specific type of case, that statutory remedy shall be
followed; but the mere fact that an actual or threatened
controversy is susceptible of relief through a general
common law remedy, a remedy equitable in nature, or an
extraordinary legal remedy, whether such remedy is

(continued...)

it was the "legal and beneficial owner of the Note and First Mortgage." The Complaint did not allege that Gillespie was in default of the Note. There was no attorney affirmation attached to the Complaint.[4] The Complaint sought no monetary award.

Gillespie answered the Complaint on November 24, 2015.

Bank filed its pretrial statement on March 17, 2016. It stated:

> **C.   PLAINTIFF'S CLAIMS**
>
> [Bank's] claim is for declaratory judgment that [Bank] is the legal and beneficial owner and holder of the Note and Mortgage, which was recorded as Document No. 2005-111439 in the Bureau of Conveyances, State of Hawaii. [Bank's] claim for declaratory judgment can be established by the fact that [Bank] has possession of the original Note.
>
> [Bank] will be filing a motion for leave to amend its complaint to assert a foreclosure claim, which also relates to Note and First Mortgage. [Bank] can establish its foreclosure claim through its sworn-to copies of the Note and First Mortgage, made and given by Defendant Gillespie, and either by a Declaration of Indebtedness establishing Defendant Gillespie's default under the Note and First Mortgage and/or by trial testimony.

The circuit court set trial for August 28, 2017. The parties were ordered to submit "a memorandum setting forth each affirmative claim they shall assert at trial, and the legal basis and a summary of the evidence supporting each claim." Bank's "Statement of Affirmative Claims" stated, in relevant part:

> [Bank's] claim for relief as stated in its July 15, 2014 Complaint for Declaratory Judgment ("Complaint"), is for an order declaring [Bank] the legal and beneficial owner

---

[3]   (...continued)
recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment in any case where the other essentials to such relief are present.

[4]   HRS § 667-17 (1993) provides, in relevant part:

> **§ 667-17  Attorney affirmation in judicial foreclosure.** Any attorney who files on behalf of a mortgagee seeking to foreclose on a residential property under this part shall sign and submit an affirmation that the attorney has verified the accuracy of the documents submitted, under penalty of perjury and subject to applicable rules of professional conduct. The affirmation shall be filed with the court at the time that the action is commenced[.]

and holder of the Note and Mortgage dated May 31, 2005, from Defendant ROBERT M. GILLESPIE JR. to Meridian Mortgage, Inc.

. . . .

[Bank] seeks the following relief:

1.     An order determining [Bank] is the legal and beneficial owner and holder of the Note and Mortgaged [sic] dated May 31, 2015, recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 2005-111439, as amended.

2.     To enter a final judgment herein pursuant to Rule 54(b) of the Hawaii [sic] Rules of Civil Procedure, as there is not [sic] just reason for delay.

Bank never amended its Complaint to assert a foreclosure claim.

A jury-waived trial was conducted on August 28, 2017. Bank's attorney gave an opening statement:

Your Honor, this is a action for declaratory judgment. *It is not a foreclosure action*.

And the issue before this Court is very narrow. If [Bank] is the legal and beneficial owner of the note and mortgage.

[Bank] has asserted, since the filing of his [sic] complaint, that he [sic] is in possession of the note and as the holder of the note has the right to enforce. That is the only issue before the Court today.

(emphasis added). Gillespie reserved his opening statement.

Bank called Gillespie as a witness. Gillespie testified that he had owned the Property since receiving an inheritance in 1996. In 2005 he mortgaged the Property for $1.32 million. The lender was Meridian Mortgage. A copy of the Mortgage was admitted into evidence as Exhibit 2. The Mortgage was modified to correct the Property's address. The modification agreement was admitted into evidence as Exhibit 3. Gillespie also testified that he executed a promissory note for $1.32 million, in favor of Meridian Mortgage, on May 31, 2005. He made monthly $7,150 interest-only payments until June 2008.

Bank called Loretta Poch as its next witness. Gillespie objected because Poch's name had not been disclosed before the deadline for final naming of witnesses. During argument over the objection the following exchange took place:

4

[BANK'S COUNSEL]:  Um, the issue before this Court is very narrow, as I stated at opening.  It is just whether [Bank] is entitled to enforce the note.  [Bank] has --

THE COURT:  No, that's not correct.

[BANK'S COUNSEL]:  I apologize, your Honor --

THE COURT:  ***This is not a foreclosure***.

[BANK'S COUNSEL]:  -- the legal, yes.  The legal and beneficial owner of the note.

. . . .

THE COURT:  So tell me what this witness knows and how she's going to establish what's been going on here in the paperwork, other than these documents?  Does she have personal knowledge of this stuff?

[BANK'S COUNSEL]:  Your Honor, the witness does not have personal knowledge of the merger of Meridian Financial and Meridian Mortgage.

The witness is -- will testify that she is -- has personal knowledge of the record keeping system of Specialized Loan Service, Inc. who is the loan servicer for [Bank], and the servicer for the subject loan at issue before the Court.

She also notes -- states that she -- that Specialized Loan Servicing received the note from the prior servicer.  Um, and that she will attest to the loan keep -- the record keeping and to the records of the [Bank].

THE COURT:  Well, here's my difficulty, [Bank's counsel].  ***This is not a mortgage foreclosure action*** as we understand.  You are asking -- ***you are claiming under declaratory relief statute***, even though it does say foreclosure, I understand (inaudible).

You are claiming that there is a controversy in existence such that the Court needs to intervene.  And then the requested relief is, I -- I would say it's equitable in nature.

Because you're asking that I issue an order and a judgment directing the clerk of the court to, ah, assign the mortgage to your client.  Is that what you're requesting?

[BANK'S COUNSEL]:  No, your Honor, that is not what we are requesting.

THE COURT:  What are you requesting?

[BANK'S COUNSEL]:  ***We are asking for the Court to find [Bank] as the legal and beneficial owner of the note***.  There is no request for any assignment of mortgage by the clerk.

THE COURT:  Okay.  All right.

(emphasis added).

The circuit court sustained Gillespie's objection. Poch did not testify. Bank's Exhibit 1, a copy of the Note, was marked for identification. Bank moved to admit Exhibit 1 into evidence. Gillespie objected. The circuit court sustained the objection. The Note was never received in evidence.[5]

Bank rested, calling no further witnesses. Gillespie moved "for judgment in the alternative to dismiss the lawsuit." The circuit court orally granted the motion to dismiss.[6]

On October 18, 2017, the court entered "Court's Findings of Fact, Conclusions of Law and **Order of Dismissal With Prejudice**." The court found and concluded:

> 21. [Bank] rested.
>
> 22. [Gillepsie] moved for dismissal on the grounds that [Bank] failed to establish that it held the Note.
>
> 23. The Court granted the motion to dismiss.
>
> . . . .
>
> 6. The Court further concludes as a matter of law that in the absence of evidence that [Bank] has possession of the original Note it failed to prove by the preponderance of the evidence its entitlement to a declaration that it is the beneficial and legal owner of the Note.

On October 18, 2017, the court also entered a "Final Judgment as to All Claims and All Parties."

On November 1, 2017, Gillespie ex officio filed an application for attorneys' fees and costs, citing HRS §§ 607-14 (actions in the nature of assumpsit) and 607-14.5 (frivolous complaint).

On November 17, 2017, Bank filed a motion to clarify the Order of Dismissal With Prejudice. The motion was heard on December 22, 2017, along with the hearing on Gillespie's motion for fees and costs. During the hearing the following exchange took place:

> THE COURT: Okay. What was the basis for your client seeking the declaratory judgment?

---

[5] Bank has not appealed from the evidentiary ruling.

[6] Bank has not appealed from the dismissal ruling.

[BANK'S COUNSEL]:  It was my understanding because there was no assignment of mortgage, it was determined that an order would be beneficial to clarify that the mortgage is -- and the note transferred together to [Bank].

THE COURT: But your client asserts that it is the owner of the note. . . .

[BANK'S COUNSEL]:  Yes.

. . . .

THE COURT:  And that note was a contract that Mr. Gillespie purportedly entered into between himself and the original lender.  That's what a promissory note is.  It's a contract, right?

[BANK'S COUNSEL]:  Yes, your Honor.

THE COURT:  And that contract provides for the recovery of attorney's fees and costs if the lender, if the -- if the borrower defaults and the lender has to sue, right?

[BANK'S COUNSEL]:  Yes, your Honor.

THE COURT:  Okay.  So the entire cause of action that your client brought was based upon its asserted belief, which it will continue to assert, I'm assuming, into the future and in any contested action in the future, that Mr. Gillespie is bound by the terms of that promissory note, right?

[BANK'S COUNSEL]:  Your Honor, ***in this action, we're not arguing that Mr. Gillespie is bound by the terms of the note.***

THE COURT:  I know.  I understand that.  But the basis for your seeking this declaration is and only is that contract, right?  It's not based upon some other grounds.

[BANK'S COUNSEL]:  Yes, your Honor.

THE COURT:  Okay.  I mean, presumably your client bought this note.  That's what the argument is going down and what it was in the past.  They bought a note.  They never got the assignment of the mortgage, and they're pursuing, and they wanted this action.

I have to tell you, [Bank's counsel], I totally agree -- and [Gillespie's counsel] can tell you how many times I totally agree with him.  I think this may be the first.  But I totally agree with him.

This is basically an action -- it's a very clever way of saying it's not an action in the nature of assumpsit, but it's based totally upon what your client is asserting.  It is asserting that it is the owner of a contract, and it failed to prove that.

. . . .

So I do view this -- despite the fact that it was seeking a declaration, the declaration sought was that it owned a contract and the -- and the rights that went with

7

> that contract that Mr. Gillespie had purportedly entered into.  And when it failed to prove that, it lost.  It is the losing party in what is in effect a claim in assumpsit.
>
> And even if that were not the case, the very nature of this matter, frankly, cries out for some relief to Mr. Gillespie, who was forced to defend something that both maybe legal -- legally and factually appears not to have been necessary at all.  And, therefore, I'm granting [Gillespie's] request for attorney's [sic] fees and costs in their entirety.

(emphasis added).

On January 25, 2018, the circuit court entered the Order and the Amended Final Judgment.  Gillespie was awarded $58,493.25 in attorneys' fees, $2,546.10 in costs, and $2,876.17 in Hawaiʻi general excise taxes.  This appeal followed.

## II.

Bank contends that the circuit court erred by: (1) awarding Gillespie attorneys' fees; and (2) awarding Gillespie costs.  We review awards of attorneys' fees and costs under the abuse of discretion standard.  Enoka v. AIG Hawaii Ins. Co., 109 Hawaiʻi 537, 544, 128 P.3d 850, 857 (2006).

> The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.  Stated differently, an abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Id.

### A.    Attorneys' Fees

HRS § 607-14 (2016) provides:

> **§ 607-14  Attorneys' fees in actions in the nature of assumpsit, etc.**
>
> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written

judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that ***this amount shall not exceed twenty-five per cent of the judgment***.

Where the note or other contract in writing provides for a fee of twenty-five per cent or more, or provides for a reasonable attorney's fee, not more than twenty-five per cent shall be allowed.

Where the note or other contract in writing provides for a rate less than twenty-five per cent, not more than the specified rate shall be allowed.

Where the note or other contract in writing provides for the recovery of attorneys' fees incurred in connection with a prior debt, those attorneys' fees shall not be allowed in the immediate action unless there was a writing authorizing those attorneys' fees before the prior debt was incurred. "Prior debt" for the purposes of this section is the principal amount of a debt not included in the immediate action.

***The above fees provided for by this section shall be assessed on*** the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon ***the amount sued for if the defendant obtains judgment***.

Nothing in this section shall limit the recovery of reasonable attorneys' fees and costs by a planned community association and its members in actions for the collection of delinquent assessments, the foreclosure of any lien, or the enforcement of any provision of the association's governing documents, or affect any right of a prevailing party to recover attorneys' fees in excess of twenty-five per cent of the judgment pursuant to any statute that specifically provides that a prevailing party may recover all of its reasonable attorneys' fees. "Planned community association" for the purposes of this section means a nonprofit homeowners or community association existing pursuant to covenants running with the land.

(emphasis added). The circuit court agreed with Gillespie that Bank was "the losing party in what is in effect a claim in assumpsit[,]" and awarded attorneys' fees and costs to Gillespie. We conclude the circuit court erred.

Assumpsit is "a common law form of action which allows for the recovery of damages for the non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." Eastman v. McGowan, 86 Hawaiʻi 21, 31, 946 P.2d 1317, 1327 (1997) (quoting S. Utsunomiya Enters., Inc. v. Moomuku Country Club, 76 Hawaiʻi 396, 399-400, 879 P.2d 501, 504-505 (1994) (citing Schulz v. Honsador, Inc., 67

Haw. 433, 435-36, 690 P.2d 279, 281 (1984))). In this case, Bank did not seek a "recovery of damages" from Gillespie for "non-performance" under the Note. Bank's Complaint did not allege that Gillespie was in default under the Note, or otherwise seek a monetary judgment against Gillespie. Bank's Complaint was not accompanied by an attorney affirmation, which was required under HRS § 667-17 if Bank sought to foreclose on the Mortgage. Bank only sought a declaratory judgment, under HRS § 632-1, that it was the "legal and beneficial owner of the Note and First Mortgage."

Under similar circumstances, the Hawaiʻi Supreme Court held it error to award attorneys' fees under HRS § 607-14 in a declaratory judgment action, even though the declaratory judgment action involved a contract. Chock v. Gov't Emps.' Ins. Co., 103 Hawaiʻi 263, 81 P.3d 1178 (2003). In that case, Hunt and Chock were sitting in different motor vehicles parked next to each other. Hunt shot Chock. Hunt's vehicle was uninsured. Chock was sitting in a pickup truck owned by his girlfriend (Lee) and insured by GEICO. At the time, Chock was living with his father (Glenn), who was also insured by GEICO. Glenn, on behalf of Chock, made a claim for uninsured motorist (**UM**) benefits under Lee's and Glenn's GEICO insurance policies. GEICO denied both claims. Chock filed a complaint for declaratory judgment against GEICO, asking that the circuit court rule he was entitled to UM benefits under Glenn's and Lee's insurance policies. GEICO filed a complaint for declaratory judgment against Chock, asking that the circuit court rule that Chock was not entitled to UM benefits under Glenn's or Lee's insurance policies. The circuit court consolidated the declaratory judgment actions. After a bench trial the circuit court ruled in favor of GEICO and awarded attorneys' fees and costs to GEICO. Chock appealed.

The supreme court affirmed the coverage determination, holding that Chock was not entitled to UM benefits because his injuries did not arise from the "operation, maintenance, or use of a motor vehicle." Chock, 103 Hawaiʻi at 268, 81 P.3d at 1183.

However, the supreme court vacated the award of attorneys' fees to GEICO, holding:

> The circuit court erred in awarding attorneys' fees to GEICO pursuant to HRS § 607-14 (Supp. 1998) in this declaratory judgment consolidated action. The relief sought by Chock and GEICO was **a declaration** as to the applicability of insurance coverage for Chock's injuries, **not money damages**. As we have previously held, "[w]hen the recovery of money damages is not the basis of a claim factually implicating a contract, the action is not 'in the nature of assumpsit.'" Leslie v. Estate of Tavares, 93 Hawaiʻi 1, 7, 994 P.2d 1047, 1053 (2000). **An action that seeks only a declaration as to a party's rights or responsibilities, even if factually implicating a contract, is not "in the nature of assumpsit."** Therefore, GEICO cannot recover attorneys' fees from Chock because HRS § 607-14 does not provide for attorneys' fees in declaratory judgment actions.

Id. (emphasis added) (footnote omitted).

In this case, Bank's Complaint sought only a declaration under HRS § 632-1 that Bank was the legal and beneficial owner and holder of the Note and Mortgage. The Complaint did not allege that the promisor was in default. The Complaint did not seek foreclosure of the mortgage that secured the Note. Even though the Complaint implicated the Note and Mortgage, which were contracts, it was not in the nature of assumpsit. Gillespie was not entitled to attorneys' fees under HRS § 607-14.

Gillespie argues that "HRS Section 607-14 applies in cases in which 'no money damages are sought or awarded, as in a complaint for declaratory relief [sic],'" citing Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 134-35, 839 P.2d 10[, 35] (1992). Amfac applied former HRS § 607-17, which was repealed in 1993. Chock, which applied HRS § 607-14 and was decided after Amfac, controls.

Gillespie also cites Ranger Ins. Co. v. Hinshaw, 103 Hawaiʻi [26], 79 P.3d 119 (2003). That case was also a declaratory judgment action involving an insurance policy. Ranger's policyholder was sued for negligence. Ranger provided its policyholder with a defense, subject to a reservation of rights. Ranger also filed the declaratory judgment action against its policyholder seeking, among other things,

"reimbursement of attorney's fees and costs [it paid] in the defense of the underlying [tort] case[.]"  <u>Id.</u> at 30, 79 P.3d at 123.  The tort lawsuit was settled and dismissed with prejudice.  Ranger's declaratory judgment action was dismissed on Ranger's motion.  Ranger's policyholder then filed a motion in the declaratory judgment action for attorneys' fees and costs.  The circuit court denied the motion.  The policyholder appealed.  The supreme court vacated the order, holding that the policyholder was entitled to recover attorneys' fee under HRS § 607-14 because "Ranger's request for [reimbursement of] attorneys' fees and costs for the defense it provided in [the tort] lawsuit constitutes a request for consequential damages.  Thus, Ranger's declaratory [judgment] action is in the nature of assumpsit[.]"  <u>Id.</u> at 33-34, 79 P.3d at 126-27 (citation omitted).  In this case, Bank's Complaint did not pray for an award of damages or any other monetary recovery.  Gillespie was not entitled to recover attorneys' fees under HRS § 607-14.

HRS § 607-14.5 (2016) provides, in relevant part:

> **§ 607-14.5. Attorneys' fees and costs in civil actions.**
>
> (a)   In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).
>
> (b)   In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action.

HRS § 607-14.5 authorizes an award of attorneys' fees "upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b)."  Under HRS § 607-14.5(b), "the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the

law in the civil action."  In this case the circuit court did not find in writing that any of the claims made by Bank were frivolous or not reasonably supported by the facts and the law. The circuit court was not authorized to award attorneys' fees under HRS § 607-14.5.

### B.    Costs

Gillespie's application for costs cited HRS §§ 607-14 and 607-14.5.  The circuit court's Order cited no other authority for awarding costs.

HRS § 607-14 pertains to attorneys' fees in actions in the nature of assumpsit, etc.  It does not authorize an award of costs.

The circuit court was not authorized to award costs under HRS § 607-14.5 because it did not find in writing that any of the claims made by Bank were frivolous or not reasonably supported by the facts and the law.

### III.

Based upon the foregoing, the "Order Granting Defendant Robert M. Gillespie's [sic] Application for Fees and Costs Filed November 1, 2017," entered on January 25, 2018, is reversed; the "Amended Final Judgment as to All Claims and All Parties," entered on January 25, 2018, is vacated to the extent it awards attorneys' fees, costs, and Hawaiʻi general excise tax to Gillespie.

DATED:  Honolulu, Hawaiʻi, August 9, 2021.

On the briefs:

Charles R. Prather,
Robin Miller,
Peter T. Stone,
for Plaintiff-Appellant.

Gary V. Dubin,
Frederick J. Arensmeyer,
for Defendant-Appellee
Robert M. Gillespie, Jr.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge