IN RE APPLICATION OF JOHN A. KAYE, PROSECUTOR
OF MONMOUTH COUNTY.

Superior Court of New Jersey
Law Division Monmouth County

Decided May 13, 1986.

704

*Larry S. Loigman,* applicant, *pro se,* for leave to intervene.

*John A. Kaye,* Monmouth County Prosecutor, *pro se.*

*Malcolm V. Carton* for County of Monmouth.

MILBERG, A.J.S.C.

This matter involves an application by John A. Kaye, the Monmouth County Prosecutor, for approval of his 1986 budget, pursuant to *N.J.S.A.* 2A:158–7. Larry S. Loigman, an attorney at law, and a taxpayer and resident of Monmouth County, has moved for leave to intervene in the application.

By statute, Monmouth County is designated as a fifth class county; as such, it is authorized to employ a maximum of 12 county investigators, *N.J.S.A.* 2A:157–15, and a maximum of three assistant prosecutors, *N.J.S.A.* 2A:158–15 c. Presently, the office of the prosecutor employs 50 investigators and 29 assistant prosecutors.

On March 31, 1986, Loigman, suing in the name and on behalf of the county pursuant to *N.J.S.A.* 2A:15–18, obtained an order from Honorable Patrick J. McGann, J.S.C., sitting in Chancery, enjoining the board of chosen freeholders from expending any county monies to or for the use of any investigators in excess of the statutory maximum of 12 from June 1, 1986, onward. The order specifically recognized that the prerequisite order of the assignment judge had not been obtained by appropriate application of the prosecutor. *See N.J.S.A.* 2A:158–7; *In re Application of Bigley,* 55 *N.J.* 53 (1969).

On March 20, 1986, prior to Judge McGann's order, the board of chosen freeholders approved the prosecutor's 1986 budget, including the provision for 50 investigators and 29 assistant prosecutors.

Loigman now seeks to intervene in the prosecutor's application before me for final approval of the 1986 budget. He asserts that his intervention is necessary to ensure compliance with Judge McGann's ruling—to assume a "watchdog" role in an effort to reduce what he and certain unnamed taxpayers consider to be "unnecessary expenditures funded by their taxes." Loigman submits that his intervention is authorized by *N.J.S.A.* 2A:15–18, under which the prior action was brought, and by *R.* 4:33–2, which provides for permissive intervention.

The prosecutor and the county contend that an application to the assignment judge for budget approval is not an "action" in which intervention is authorized. They also assert that there is no provision for a hearing or argument in *N.J.S.A.* 2A:158–7— that all the statute requires is the approval of a judge of the Superior Court.

■ *N.J.S.A.* 2A:158–7 provides:

All necessary expenses incurred by the prosecutor for each county in the detection, arrest, indictment and conviction of offenders against the laws shall, upon being certified to by the prosecutor and approved, under his hand, by a judge of the superior court or of the county court for such county, be paid by the county treasurer whenever the same shall be approved by the board of chosen freeholders of such county. The amount or amounts to be expended shall not exceed the amount fixed by the board of chosen freeholders in its regular or emergency appropriation, unless such expenditure is specifically authorized by order of the assignment judge of the superior court for such county.

In reviewing the request of the prosecutor under the statute, my role is legislative and not judicial. *In re Application of Bigley, supra,* 55 *N.J.* at 57. The statutory scheme does not call upon me to render a judicial opinion or to exercise the judicial power of my office; to the contrary, *N.J.S.A.* 2A:158–7 delegates to me the legislative function of making an original

evaluation of the prosecutor's needs and to grant or withhold approval of his budget request accordingly. *Ibid.*

█ There is no basis for Loigman's intervention in my legislative function.

█ *R.* 4:33–2 provides in relevant part:

Upon timely application anyone may be permitted to intervene in an *action* if his claim or defense and the main *action* have a *question of law* or fact in common ... In exercising its discretion the Court shall consider whether the intervention will unduly delay or prejudice the *adjudication* of the rights of the original parties. [Emphasis supplied]

The rule speaks narrowly in terms of "action," not broadly in terms of "proceedings." *R.* 4:2–1 states that "[t]here shall be one form of action in civil practice to be known as a 'civil action.'" "A civil action is commenced by filing a complaint with the Court." *R.* 4:2–2. Clearly, the prosecutor's application for budget approval is not an "action" to which *R.* 4:33–2 applies.

█ Further basis for the inapplicability of *R.* 4:33–2 to the instant proceedings is found in the rule's use of the phrases "question of law" and "adjudication of the rights of the original parties." Proceedings under *N.J.S.A.* 2A:158–7 are entirely legislative; legal conclusions are not appropriate. *In re Sullivan,* 184 *N.J.Super.* 463, 468 (Law Div.1981); *see In re Application of Bigley, supra,* 55 *N.J.* at 57.

█ For substantially the same reasons, Loigman's reliance on *N.J.S.A.* 2A:15–18 is misplaced. That section provides:

If the board of chosen freeholders of a county or the governing body of a municipality fails to prosecute a claim or demand of the county or municipality, any court in which an action on such claim or demand is cognizable may, upon terms, allow a taxpayer and resident of the county or municipality to commence and prosecute an *action* upon the *claim or demand* in the name and on behalf of the county or municipality, if in the opinion of the court the interests of the county or municipality would be promoted thereby. [Emphasis supplied]

The statute also speaks in terms of "action." The words "claim or demand" include everything which may be demanded by suit. *Ippolito v. Mayor of Hoboken,* 60 *N.J.Super.* 477, 486 (App. Div.1960).

Loigman has already sued under *N.J.S.A.* 2A:15–18. Were it not for his action, the present budget application would likely not be before me. Yet his commendable undertaking does not entitle him to intervene in my administrative decision-making. The Legislature delegated to the court the responsibility of passing upon the prosecutor's needs. There is good reason for my unfettered discretion in this regard:

> The judiciary is directly concerned with the effective operation of the prosecutor's office, for although law enforcement is the special responsibility of the executive branch and in that aspect of his work the prosecutor represents that branch of government, nonetheless the judiciary is responsible for the prompt disposition of the criminal and quasi-criminal business of the State in the courts, and in that aspect of the prosecutor's duties he is an officer of the Court and subject to its discretion. *The Court is therefore concerned on its own account with the ability of the prosecutor to meet the demands upon his office.* Hence it is quite appropriate for the Legislature to ask a judicial officer to pass upon the monetary requirements of the prosecutor, and equally appropriate for the judicial branch to accept the delegation of that authority. [*In re Application of Schragger,* 58 *N.J.* 274, 279 (1971); emphasis supplied]

██ Loigman has expressed his fear that a judge of the Superior Court may "rubber-stamp" an application under *N.J. S.A.* 2A:158–7 unless interested taxpayers are permitted to intervene as "watchdogs" of the county coffers. However, arbitrary action of a public officer is not beyond reproach, nor is it immune from attack. While I have discovered no cases on point, I consider my determination on the prosecutor's budget application to be reviewable as of right in the Appellate Division under *R.* 2:2–3 as an appeal from final action of a "state administrative agency or officer," see *Tolomeo v. Burlington Freeholder Bd.,* 184 *N.J.Super.* 474, 476, n. 2 and accompanying text (Law Div.1982), or perhaps by way of an action in lieu of prerogative writs in the Law Division to review a final determination of a "state agency" whose jurisdiction is limited to a single locality within the State [1]. *See Mathesius v. Mercer*

---

[1]While the jurisdiction of the Superior Court is statewide, on this budget application my function is limited to Monmouth County only.

*Cty. Improvement Auth.*, 177 *N.J.Super.* 626 (App.Div.1981), certif. den. 87 *N.J.* 425 (1981).

For the foregoing reasons, Loigman's motion to intervene is denied.