**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000486**
**10-AUG-2012**
**09:25 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

---oOo---

ROBERT KIM,
Plaintiff-Appellant,
v.
NANCY M.S. KAM; VIOLET GRADY;
JAMES Y.B. KIM[1]; ETHEL KAHEAKU[2]; NORA PATTERSON,
Defendants-Appellees

NO. CAAP-11-0000486

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-2349)

AUGUST 10, 2012

NAKAMURA, C.J., FOLEY AND GINOZA, JJ.

---

[1] James Y.B. Kim, is set forth in the Record on Appeal as James Y.S. Kim and James Y.B. Kim. However, in the Attorney-Client Fee Contract, he is set forth as James Y.B. Kim and he signed as such.

[2] Ethel Kaheaku is set forth in the Record on Appeal as Ethel Keheaku. However, in the Attorney-Client Fee Contract, she is set forth as Ethel Kaheaku and she signed as such.

OPINION OF THE COURT BY FOLEY, J.

Plaintiff-Appellant Robert Y.H. Kim (Kim) appeals from the "Judgment of Dismissal Without Prejudice" (Judgment) entered May 23, 2011, in the Circuit Court of the First Circuit[3] (circuit court). Judgment was entered in favor of Defendants-Appellees Nancy M.S. Kam (N. Kam), Violet M.H. Grady (V. Grady), James Y.B. Kim (J. Kim), Ethel M.B. Kaheaku (E. Kaheaku), and Nora Patterson (N. Patterson) (collectively, Defendants) and against Kim pursuant to, *inter alia*, the "Order Granting Defendants' Motion for Award of Attorney's Fees and Costs Filed April 4, 2011," entered May 23, 2011.

On appeal, Kim contends the circuit court abused its discretion when it awarded attorney's fees and costs pursuant to Hawaii Revised Statutes (HRS) § 607-14 (Supp. 2011).[4] Kim asserts that his complaint was an action in equity, whereas HRS § 607-14 only applies to actions in the nature of assumpsit. Kim also contends Defendants were not the prevailing parties because "a judgment of dismissal without prejudice is insufficiently final" to determine the prevailing party.

I.

On August 5, 1992, Kim and Defendants, along with Betty T.M. Johnson (B. Johnson), entered into an Attorney-Client Fee Contract (1992 Contract) with Matthew S.K. Pyun Jr. (Pyun) to contest their older brother's actions with regards to their deceased mother's real property. Kim and Defendants agreed to

---

[3] The Honorable Virginia L. Crandall presided, except where otherwise noted.

[4] HRS § 607-14 provides, in relevant part:

**§607-14 Attorneys' fees in actions in the nature of assumpsit, etc.** In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable[.]

pay Pyun a non-refundable retainer of $45,000 and a contingent fee of 25% of the "gross amount" received through settlement, judgment, or award.

After preliminary pre-trial litigation, the parties reached a settlement agreement on March 22, 1993. Based on the appraised value of the recovered properties, Pyun billed Kim and Defendants for $917,529.12. When Kim and Defendants failed to satisfy their debt, Pyun filed suit in circuit court.

On September 20, 1996, the circuit court[5] entered final judgment (1996 Judgment) in favor of Pyun and against N. Kam, J. Kim, the Estate of B. Johnson, and Kim (1996 Defendants) for $917,529.12. On September 22, 1996, the parties entered into a settlement agreement (1996 Settlement) in which the 1996 Defendants agreed to pay Pyun a reduced amount of $767,000. The parties agreed that as long as the 1996 Defendants complied with the 1996 Settlement, Pyun would not attempt to enforce the 1996 Judgment. But if the 1996 Defendants breached the 1996 Settlement, the 1996 Judgment would be immediately enforceable. Additionally, the parties agreed that any disputes arising under the 1996 Settlement were to be resolved through mediation and arbitration.

The 1996 Defendants paid only $736,000 of the $767,000 1996 Settlement obligation. In 2006, when Kim tried to refinance his personal property, he learned that ten days after the parties had reached the 1996 Settlement, Pyun had created a lien against Kim's personal property by recording the 1996 Judgment in the State of Hawaiʻi's Bureau of Conveyances. Kim viewed this lien as a breach of the 1996 Settlement because Pyun had agreed to take no steps to enforce the 1996 Judgment as long as the 1996 Defendants were abiding by the 1996 Settlement. Kim filed suit against Pyun on March 16, 2007.

---

[5] The Honorable Daniel G. Heely presided.

All Kim's claims except the one for breach of contract were dismissed or withdrawn. The circuit court referred the breach of contract claim to arbitration as directed under the 1996 Settlement. On May 29, 2009, the arbitrator found that Pyun had not breached the 1996 Settlement and issued the Arbitrator's Final Award of $208,791.77. The arbitrator further awarded attorney's fees and costs to Pyun as the prevailing party. These obligations were imposed solely on Kim.

On September 30, 2009, the circuit court confirmed the Arbitrator's Final Award and awarded Pyun attorney's fees and costs in the amount of $11,476.28. The circuit court entered judgment in favor of Pyun and against Kim for $220,268.05 (2009 Judgment). Kim did not appeal the 2009 Judgment.

On November 3, 2010, Kim filed a complaint (November 3, 2010 Complaint) in circuit court seeking equitable contribution from Defendants for the 2009 Judgment based on their status as co-obligors under the 1992 Contract, the 1996 Judgment, and the 1996 Settlement.

The Defendants, individually or with another Defendant, filed a number of motions. On March 29, 2011, the circuit court entered its order granting J. Kim and N. Patterson's motion to dismiss and N. Kam and V. Grady's motion to dismiss. Also on March 29, 2011, the circuit court entered its order granting E. Kaheaku's motion for judgment on the pleadings.

On April 4, 2011, Defendants filed "Defendants' Motion for Award for Attorney's Fees and Costs." On May 23, 2011, the circuit court entered its "Order Granting Defendants' Motion for Award for Attorney's Fees and Costs" (Order Granting Fees and Costs) in favor of Defendants in the amount of $17,517.58. On the same day, the circuit court entered judgment in favor of Defendants and against Kim.

On June 21, 2011, Kim filed a notice of appeal from the Judgment's confirmation of the Order Granting Fees and Costs.

## II.

"The trial court's grant or denial of attorney's fees and costs is reviewed under the abuse of discretion standard." Sierra Club v. Dep't of Transp., 120 Hawaiʻi 181, 197, 202 P.3d 1226, 1242 (2009) (internal quotation marks, citations, and brackets omitted).

## III.

Kim contends his action sounded in equity, not assumpsit, and therefore, the circuit court erred in awarding attorney's fees and costs to Defendants under HRS § 607-14. We agree.

Generally, under the "American Rule," in the absence of a contract or statute, each party is responsible for its own fees and costs. Ranger Ins. Co. v. Hinshaw, 103 Hawaiʻi 26, 31, 79 P.3d 119, 124 (2003). HRS § 607-14 is a statutory exception, providing that "in all actions in the nature of assumpsit . . . there shall be taxed as attorneys' fees, to be paid by the losing party . . ., a fee that the court determines to be reasonable[.]" HRS § 607-14 (emphasis added).

"Assumpsit . . . allows for the recovery of damages for the non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." Leslie v. Estate of Tavares, 93 Hawaiʻi 1, 5, 994 P.2d 1047, 1051 (2000) (citation omitted, emphasis added). "When the recovery of money damages is not the basis of a claim factually implicating a contract, the action is not in the nature of assumpsit." Id. at 7, 994 P.2d at 1053 (citation and internal quotation marks omitted).

To ascertain whether an action is in the nature of assumpsit, one must look to "the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought." Leslie, 93 Hawaiʻi at 6, 994 P.2d at 1052. "Further, a plaintiff's prayer for attorney fees is a significant indication that the action is in assumpsit." Id.

In Kim's November 3, 2010 Complaint, he did not seek recovery of damages for breach of contract; rather, he sought an equitable contribution from the Defendants under HRS § 483-2 (Repl. 2008)[6] for their pro-rata share of the 2009 Judgment. Kim argued that the 2009 Judgment, which enforced the 1996 Settlement but was imposed solely on him, did not release any of the current Defendants from their co-obligations under the 1992 Contract, the 1996 Judgment, or the 1996 Settlement and, therefore, he could seek equitable contribution from them.

"[E]quitable contribution is the right to recover from a co-obligor that shares liability with the party seeking contribution[.]" Crowley Maritime Corp. v. Boston Old Colony Ins. Co., 70 Cal. Rptr. 3d 605, 609 (2008); see also Sound Built Homes, Inc. v. Windermere Real Estate/South, Inc., 118 Wash. App. 617, 633-34, 72 P.3d 788, 797 (2003) ("[C]ontribution between or among contractual co-obligors is based upon the equitable principles that, where several parties are equally liable for the same debt and one is compelled to pay the whole of it, he may have contribution against the others to obtain from them the payment of their respective shares." (internal quotation marks omitted.)). "The right to contribution arises when, as between multiple parties jointly bound to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation." 18 Am. Jur. 2d Contribution §5 (2004). "Contribution is not founded on contract and is not contractual in nature[.]" Id. at §4; see also American States Ins. Co. v. National Fire Ins. Co. of Hartford, 135 Cal. Rptr. 3d 177, 182 (2011).

---

[6]  HRS § 483-2 provides:

§483-2 **Co-obligor not discharged when.** A judgment against one or more of several obligors, or against one or more of joint, or of joint and several obligors shall not discharge a co-obligor who was not a party to the proceeding wherein the judgment was rendered.

Kim's complaint was not an equitable claim in the nature of assumpsit, seeking relief in the form of rescission and restitution.  See Leslie, 93 Hawai'i at 7, 994 P.2d at 1053; see also Hong v. Kong, 5 Haw. App. 174, 683 P.2d 833 (1984) (holding that a claim for rescission and restitution was an action in the nature of assumpsit arising from a promise implied by law to prevent unjust enrichment).  Neither was it a claim of unjust enrichment, which would constitute "an equity action within the realm of assumpsit."  Porter v. Hu, 116 Hawai'i 42, 66, 169 P.3d 994, 1018 (App. 2007).

Although Kim and Defendants' status as co-obligors arose out of a contract they entered with Pyun, Kim was not seeking recovery of damages under a contract -- there was no contract between Kim and Defendants.  Likewise, Kim was not alleging or seeking redress for quasi-contractual obligations under the theory of unjust enrichment.  The mere fact that the underlying 1992 Contract and 1996 Settlement formed the basis for Kim's claim for equitable contribution did not render his claim an assumpsit action.  TSA Intern. Ltd. v. Shimizu Corp., 92 Hawai'i 243, 264, 990 P.2d 713, 734 (1999).

Moreover, Kim's complaint alleges that the arbitrator awarded interest on the outstanding obligation under the 1996 Settlement Agreement and also awarded attorney's fees and costs to Pyun as the prevailing party.  The complaint indicates that these amounts for interest, attorney's fees and costs were ultimately included in the 2009 Judgment, for which Kim seeks contribution from the Defendants.  These amounts for interest, attorney's fees and costs do not arise from any contractual obligation, but rather from Kim's litigation with Pyun.

Thus, based on the facts and issues raised in Kim's November 3, 2010 Complaint, the nature of the grievance, and the relief sought, we conclude that the "essential character of the

underlying action" was one of equitable contribution under HRS § 483-2 and was not an action in the nature of assumpsit under HRS § 607-14. See Leslie, 93 Hawai'i at 5, 994 P.2d at 1051. Therefore, we hold that the circuit court abused its discretion in granting Defendants an award of attorney's fees and costs. Having so concluded, we need not address Kim's second point of error regarding the meaning of "prevailing party."

## IV.

The Judgment of Dismissal Without Prejudice entered May 23, 2011 in the Circuit Court of the First Circuit is vacated in part and affirmed in part. We vacate the Judgment with respect to the "Order Granting Defendants' Motion for Award of Attorney's Fees and Costs Filed April 4, 2011," entered May 23, 2011. The Judgment is affirmed in all other respects.

On the briefs:

Joseph W. Huster
for Plaintiff-Appellant.

Ronald T. Fujiwara
for Defendants-Appellees.

*Craig H. Nakamura*

*Daniel R. Foley*

*Jin M. King*