NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAISER FOUNDATION HEALTH PLAN, INC., a foreign non-profit corporation,

Plaintiff-Appellant,

v.

THE QUEEN'S MEDICAL CENTER, INC.,; NORTH HAWAII COMMUNITY HOSPITAL, INC.; MOLOKAI GENERAL HOSPITAL; DOES, 1-10, inclusive,

Defendants-Appellees.

No. 19-17283

D.C. No. 1:19-cv-00301-DKW-WRP

MEMORANDUM*

KAISER FOUNDATION HEALTH PLAN, INC., a foreign non-profit corporation,

Plaintiff-Appellee,

v.

THE QUEEN'S MEDICAL CENTER, INC.,; NORTH HAWAII COMMUNITY HOSPITAL, INC.; MOLOKAI GENERAL HOSPITAL,

Defendants-Appellants,

and

No. 20-15438

D.C. No. 1:19-cv-00301-DKW-WRP

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

DOES, 1-10, inclusive,

Defendant.

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted January 21, 2022
Honolulu, Hawaii

Before: O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

The Queen's Medical Center (QMC) operates hospitals in Hawaii that provide emergency care; Kaiser Foundation Health Plan is a health maintenance organization (HMO). In the past, the two had a series of written contracts setting the price Kaiser would pay QMC for services that QMC rendered to Kaiser enrollees. But in May 2019, QMC informed Kaiser that it was terminating those contracts and that in the future it would provide emergency care to Kaiser members at 100 percent of billed charges and would "balance bill" Kaiser members for any amounts Kaiser did not pay.

Kaiser sued QMC in federal district court, seeking declaratory and injunctive relief. Specifically, it sought a declaration stating that Kaiser was obligated to pay QMC only the reasonable value of services rendered to Kaiser members under the principles of quantum meruit, as well as an injunction prohibiting QMC from demanding more. It also sought a declaration that the Hawaii Health Maintenance

2

Organization Act, Haw. Rev. Stat. § 432D-8, prohibits QMC from "balance billing" Kaiser members, and an injunction prohibiting QMC from seeking payment from them. The district court dismissed all of Kaiser's claims without leave to amend.

QMC then sought attorney's fees under Haw. Rev. Stat. § 607-14, but the district court adopted a magistrate judge's recommendation that fees be denied. Kaiser appeals the dismissal of its claims, and QMC cross-appeals the denial of its motion for attorney's fees. The district court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291, and we vacate in part, affirm in part, and remand.

1.     The district court did not decide whether Kaiser had standing to bring its claims, but we are obliged to examine standing before addressing the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998). In the rate-related claims, Kaiser requests a declaration stating that principles of restitution dictate that it must pay QMC only the reasonable value of services rendered to Kaiser enrollees. It seeks this declaration to establish the measure of recovery to which QMC would be entitled in subsequent litigation. But at oral argument, QMC expressly and unequivocally disclaimed any right to seek such recovery from Kaiser, stating that it lacks any legal entitlement to be reimbursed by Kaiser for the cost of emergency services it provides to Kaiser enrollees. This representation to

3

the court by QMC constitutes a judicial admission that is "binding in any forum in which the same controversy arises." *ACLU of Nev. v. Masto*, 670 F.3d 1046, 1065 (9th Cir. 2012). In light of that commitment from QMC, Kaiser cannot show a "substantial likelihood" that a declaration would redress any injury, so it lacks standing to seek such relief. *Mayfield v. United States*, 599 F.3d 964, 971–72 (9th Cir. 2010) (quoting *Johnson v. Stuart*, 702 F.2d 193, 196 (9th Cir. 1983)). For similar reasons, Kaiser lacks standing to seek an injunction. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013). We therefore vacate the district court's dismissal with prejudice as to these claims and remand with instructions to dismiss for lack of jurisdiction.

2. Though Kaiser's complaint likely could have been amended to establish standing as to its balance-billing claims, we "decline to order that leave be granted to amend the complaint" because Kaiser would "still fail to state a claim." *See Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). Section 432D-8(d) of the Health Maintenance Organization Act requires that "[e]very contract between a health maintenance organization and a participating provider of health care services shall be in writing" and establishes that HMO subscribers and enrollees "shall not be liable to the provider for any sums owed by the" HMO. It also prohibits providers from balance billing enrollees "[i]n the event that a contract with a participating provider has not been reduced to writing" or when "a

contract fails to contain the required prohibition." Haw. Rev. Stat. § 432D-8(d). By its terms, the statute restricts balance billing only when a contract exists. But Kaiser does not have an express contract with QMC; it waived any argument that it and QMC have an implied-in-fact contract; and Hawaii law does not recognize implied-in-law contracts where, as here, there is no apparent mutual intent to form a contract. *Kemp v. State of Hawai'i Child Support Enf't Agency*, 141 P.3d 1014, 1038 (Haw. 2006). Accordingly, Section 432D-8 does not prohibit QMC from balance billing Kaiser patients. The district court therefore correctly dismissed Kaiser's claim for declaratory relief with prejudice.

Kaiser's request for an injunction fails here as well. Because Kaiser cannot plausibly allege that money damages would be inadequate to redress any harm, the district court correctly denied an injunction. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

3.   In the cross-appeal, QMC seeks attorney's fees under Haw. Rev. Stat. § 607-14, which provides that the losing party shall pay the prevailing party's attorney's fees "in all actions in the nature of assumpsit." Though QMC did not object to the magistrate's recommendation that it was not entitled to fees, we may review this challenge because "failure to object to the magistrate's report, 'standing alone' does not constitute [forfeiture]." *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (quoting *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir.

5

1991)). We review de novo whether the district court correctly interpreted and applied the relevant statute granting attorney's fees. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

"When the recovery of money damages is not the basis of a claim factually implicating a contract, the action is not 'in the nature of assumpsit.'" *Leslie v. Estate of Tavares*, 994 P.2d 1047, 1053 (Haw. 2000). Kaiser sought declaratory and injunctive relief; it did not seek money damages. This action is therefore not in the nature of assumpsit, and QMC is not entitled to attorney's fees.

The parties shall bear their own costs on appeal.

**VACATED IN PART and AFFIRMED IN PART; REMANDED.**