**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000608
08-AUG-2022
08:02 AM
Dkt. 52 SO**

NO. CAAP-19-0000608

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DOREEN R. McKERNAN and MICHAEL S. McKERNAN,
PlaintiffS-Appellees, v.
THE ASSOCIATION OF APARTMENT OWNERS OF
KAMAOLE SANDS, Defendant-Appellant,
and
JOHN DOES 1-100; JANE DOES 1-100;
DOE PARTNERSHIPS 1-100; DOE CORPORATIONS 1-100;
and DOE ENTITIES 1-100, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 18-1-0493(1))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant The Association of Apartment Owners

of Kamaole Sands (**AOAO**) appeals from the July 31, 2019 Order

Denying Defendant [AOAO]'s Motion to Dismiss Complaint Filed

December 21, 2018, or, in the Alternative, Stay Lawsuit and

Compel Arbitration (**Order Denying Arbitration**) entered by the

Circuit Court of the Second Circuit (**Circuit Court**)[1] in favor of

---

[1]   The Honorable Rhonda I.L. Loo presided.

Plaintiffs-Appellees Doreen R. McKernan and Michael S. McKernan (**McKernans**).

The AOAO raises a single point of error on appeal, contending that the Circuit Court erred in entering the Order Denying Arbitration, because Count I (Declaratory Relief), Count II (Breach of Fiduciary Duty and Other Common Law Duties), Count III (Breach of Contract, Breach of Governing Documents and Protective Covenants, Conditions and Restrictions), Count IV (Negligence), Count V (Specific Performance), Count VI (Injunction/Constructive Eviction), Count VII (Equitable Accounting), second Count VII (Violation of the Condominium Act), and Count VIII (Breach of the AOAO's Declaration) of the AOAO's First Amended Complaint for Damages and Declaratory Relief filed on April 18, 2019 (**Complaint**) are not exempt from arbitration pursuant to Hawaii Revised Statutes (**HRS**) § 514B-162(b)(4) (2018), and should have been dismissed, or stayed and ordered to arbitration pursuant to Section 28 of the AOAO's Declaration and/or HRS § 514B-162(a) (2018).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the AOAO's point of error as follows:

The AOAO argues that the Circuit Court erred in entering the Order Denying Arbitration because the Complaint includes arbitrable claims for relief, along with a claim for

injunctive relief, which the AOAO acknowledges is exempt from arbitration.

The parties agree that the AOAO and its members are subject to the AOAO's Declaration, as amended (**Declaration**), and Hawaii's Condominium Property Act, which is codified as HRS Chapter 514B.

Section 28 of the Declaration provides:

> 28. <u>Arbitration of Disputes</u>. As, and to the extent, and in the manner, provided for in Part VII of Chapter 514A,[HRS], as amended, at the request of any party, any dispute concerning or involving one or more apartment owners and the Association, Board of Directors, Managing Agent or one or more other apartment owners relating to the interpretation, application or enforcement of the Condominium Property Act, this Declaration, the By-Laws or the administrative rules and regulations adopted in accordance with the By-laws shall be submitted to mediation and/or arbitration. The arbitration of appropriate disputes shall be conducted, unless otherwise agreed by the parties, in accordance with the rules adopted by the Real Estate Commission and the provisions of Chapter 658 [HRS]. {Part VII, HRS Chapter 514A}

After HRS Chapter 514A was repealed and replaced with HRS Chapter 514B, effective July 1, 2005,[2] the Declaration was amended in 2007 to include, *inter alia*, Section 29 of the Declaration, which provides in relevant part:

> 29. <u>Governing Law</u>. Notwithstanding anything herein or in the By-Laws to the contrary:
>
> 1. This Project shall be governed by the provisions of Hawaii Revised Statutes Chapter 514B, as amended to the fullest extent permitted by law[.]

Thus, pursuant to the unambiguous language of the Declaration, as and to the extent provided in HRS Chapter 514B, at the request of any party, any dispute concerning or involving

---

[2] 2004 Haw. Sess. Laws Act 164, § 2 at 796-98.

the McKernans, who are apartment owners at Kamaole Sands, and the AOAO, relating to the interpretation, application or enforcement of the Condominium Property Act, the Declaration, the By-Laws or the administrative rules and regulations adopted in accordance with the By-laws must be submitted to mediation and/or arbitration. The AOAO relies on this arbitration provision and acknowledges that it is governed by HRS Chapter 514B.

HRS § 514B-162(a) includes a mandatory arbitration provision:

> **§ 514B-162 Arbitration.** (a) At the request of any party, any dispute concerning or involving one or more unit owners and an association, its board, managing agent, or one or more other unit owners relating to the interpretation, application, or enforcement of this chapter or the association's declaration, bylaws, or house rules adopted in accordance with its bylaws shall be submitted to arbitration. The arbitration shall be conducted, unless otherwise agreed by the parties, in accordance with the rules adopted by the commission and of chapter 658A; provided that the rules of the arbitration service conducting the arbitration shall be used until the commission adopts its rules; provided further that where any arbitration rule conflicts with chapter 658A, chapter 658A shall prevail; and provided further that notwithstanding any rule to the contrary, the arbitrator shall conduct the proceedings in a manner which affords substantial justice to all parties[.]

HRS § 514B-162(b) exempts certain disputes from arbitration, including:

> (b) Nothing in subsection (a) shall be interpreted to mandate the arbitration of any dispute involving:
>
> . . . .
>
> (4) Actions seeking equitable relief involving threatened property damage or the health or safety of unit owners or any other person[.]

The dispute between the parties, as alleged in the Complaint, involves several incidents where the McKernans'

4

apartment was flooded with water and sewage, causing significant damage, and posing a health hazard to the McKernans and their guests. The Complaint alleges that wastewater pipes that serve more than one unit are common elements that must be fully investigated and repaired by the AOAO. As recognized by the AOAO, Count VI of the Complaint seeks equitable relief ordering that the AOAO take action and eliminate the continuing health hazard posed by the raw sewage backups.

The AOAO does not dispute that Count VI falls within the scope of HRS § 514B-162(b)(4). Rather, the AOAO contends that all of the McKernans' other claims are arbitrable pursuant to HRS § 514B-162(a). The McKernans submit that, as concluded by the Circuit Court, pursuant to the plain language of HRS § 514B-162(b), the Complaint falls squarely within HRS § 514B-162(b)(4) and is therefore exempt from mandatory arbitration pursuant to HRS § 514B-162(a). The Order Denying Arbitration states, in part:

> . . . [The AOAO] argues that . . . [the Declaration] and [HRS] Section 514B-162(a) unambiguously requires arbitration.
>
> [The McKernans] do not dispute that Section 28 of [the Declaration] provides an unequivocal mandatory dispute resolution process for disputes involving an owner and the AOAO relating to the interpretation, application or enforcement of the project's governing documents and Hawaii Condominium Property Act.
>
> [The McKernans] argue, however, that the dispute falls under an exception to HRS Section 514B-162(b) and is not subject to mandatory arbitration. HRS 514B-162(b) does state that nothing in subsection (a) shall be interpreted to mandate the arbitration of any dispute involving actions seeking equitable relief involving threatened property damage or the health or safety of unit owners or any other person.

> The Court finds that the instant complaint squarely falls within the purview of HRS 514B-162(b), as it demands equitable relief in the form of the order directing [the AOAO] to inspect and repair or replace defective portions of the plumbing system and alleges that the sewage leaks causing property damage and the threat of the health and safety of the guests.

Questions of statutory interpretation are questions of law to be reviewed *de novo* under the right/wrong standard. Ueoka v. Szymanski, 107 Hawaiʻi 386, 392, 114 P.3d 892, 898 (2005). When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Bhakta v. Cnty. of Maui, 109 Hawaiʻi 198, 208, 124 P.3d 943, 953 (2005) (citation and internal quotation marks omitted). Statutory construction is guided by the following well established principles:

> [O]ur foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.
>
> When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists[.]

Ueoka, 107 Hawaiʻi at 392-93, 114 P.3d at 898-99 (internal citation omitted).

Here, the plain language of HRS § 514B-162(b)(4) is clear and unambiguous. Like HRS § 514B-162(b)(5) & (b)(7), (b)(4) exempts certain "actions" from the arbitration mandate in subsection (a) of the statute. In contrast, HRS §§ 514B-162(b)(6), exempts certain "claims" from mandatory arbitration.

6

See generally HRS § 1-16 (2009) (laws in pari materia shall be construed with reference to each other). It is well-established in Hawaiʻi law, in a variety of contexts, that the term "action" is synonymous with an entire "suit," as opposed to a claim or claims, which might be prosecuted within an action or suit. See, e.g., Leslie v. Estate of Tavares, 93 Hawaiʻi 1, 4, 994 P.2d 1047, 1050 (2000) (citations omitted) (discussing the definition of "action"); see also Rapozo v. Better Hearing of Haw., LLC, 120 Hawaiʻi 257, 260, 204 P.3d 476, 479 (2009) (applying Leslie definition to the term "action" in HRS § 481K-5(c) (Supp. 2007)); Nelson v. Univ. of Haw., 99 Hawaiʻi 262, 265, 54 P.3d 433, 436 (2002) (applying Leslie definition to the term "action" in HRS § 378-5(c) (1993)); accord HRS § 490:1-201(1) (2008) (regarding the definition of "action"); HRS § 658B-1 (2016) (defining "action"); cf., e.g., Calleon v. Miyagi, 76 Hawaiʻi 310, 315-20, 876 P.2d 1278, 1283-88 (1994) (distinguishing between different claims within a suit). Therefore, when applicable, HRS § 514B-162(b)(4) applies to the action, not a claim or claims within the action.

While the parties here were free to otherwise agree to a different scope of mandatory arbitration, there is no evidence or argument that they did so. Actions – not individual claims within an action – seeking equitable relief involving threatened property damage or the health or safety of unit owners or any other person are statutorily exempted from the arbitration

7

mandate in HRS § 514B-162(a).  The McKernans' suit or action, as set forth in the Complaint, seeks equitable relief involving threatened property damage or the health or safety of the McKernans and/or their guests.  Thus, we conclude that the Circuit Court did not err in rejecting the AOAO's argument that certain claims within the suit were subject to mandatory arbitration pursuant to HRS § 514B-162(a), based on the exemption set forth in HRS § 514B-162(b)(4).[3]

Accordingly, the Circuit Court's July 31, 2019 Order Denying Arbitration is affirmed.

DATED: Honolulu, Hawaiʻi, August 8, 2022.

| | |
|---|---|
| On the briefs: | /s/ Katherine G. Leonard<br>Presiding Judge |
| Wesley H.H.Ching,<br>Nicholas P. Ching,<br>(Fukunaga Matayoshi Ching<br> & Kon-Herera),<br>for Defendant-Appellant. | /s/ Clyde J. Wadsworth<br>Associate Judge<br><br>/s/ Sonja M.P. McCullen<br>Associate Judge |
| Terrance M. Revere,<br>Paul V.K. Smith,<br>Magdalena Bajon,<br>(Revere & Associates),<br>for Plaintiffs-Appellees. | |

---

[3]     The AOAO's argument that the McKernans should be estopped from relying on HRS § 514B-162(b)(4) is raised for the first time on appeal and is deemed waived.  See, e.g., Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd, 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002).